

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-06-352-CR**

MICHAEL RAY LONG                                                   APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

------------

FROM COUNTY CRIMINAL COURT NO. 6 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Michael Ray Long appeals from his convictions for possession of a gambling device, keeping a gambling place, and gambling promotion. In two points, he argues that the trial court erred by failing to grant a mistrial after an improper question and improper argument by the State. We affirm.

------------

[1] *See* TEX. R. APP. P. 47.4.

**Background**

Appellant does not challenge the legal or factual sufficiency of the evidence to support his convictions; thus, a cursory review of the evidence will suffice to provide context for his points.

Appellant's convictions arise from his ownership of "Pot of Gold," an "eight-liner" gaming room where Appellant operated about a hundred eight-liner machines. James McNeal, an undercover deputy sheriff, investigated Pot of Gold for possible violations of state gambling laws. After playing some of the eight-liner games on two occasions and winning cash prizes, Deputy McNeal determined that Pot of Gold was operating in violation of the law, and the sheriff's department raided the gaming room soon thereafter.

The grand jury indicted Appellant for possession of a gambling device, keeping a gambling place, and gambling promotion. The gist of Appellant's defense was that he reasonably believed he was acting in compliance with the law. A jury convicted him on all three counts, and the trial court assessed punishment at a year's confinement, probated for two years, and a $2,000 fine for each count.

**Failure to grant mistrial after improper question.**

In his first point, Appellant agues that the trial court erred by failing to grant a mistrial after the prosecutor asked Deputy McNeal, "Are you aware of

2

another raid that took place a year later?," i.e., a year after the raid connected with Appellant's convictions. Appellant objected to the question as irrelevant. After voir dire examination and argument outside the presence of the jury, the trial court sustained the objection. Appellant then moved for a mistrial, which the trial court denied. When the jury returned to the courtroom, the trial court instructed them to disregard the last question and not consider it for any purpose. Appellant argues that the question went to the heart of his defense because the jurors could have supposed that Appellant had been given an opportunity to bring his business into conformity with the law but had failed to do so.

An appellate court reviews a trial court's ruling on a motion for mistrial using an abuse of discretion standard. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). The appellate court views the evidence in the light most favorable to the trial court's ruling and upholds the trial court's ruling if it was within the zone of reasonable disagreement. *Id.*; *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004). The appellate court does not substitute its judgment for that of the trial court but rather decides whether the trial court's decision was arbitrary or unreasonable. *Webb*, 232 S.W.3d at 112.

Mistrial is appropriate only for highly prejudicial and incurable errors. *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), *cert. denied*,

3

542 U.S. 905 (2004). A trial court may grant a mistrial when it is faced with an error so prejudicial that the expenditure of further time and expense would be wasteful and futile. *Id.* The general rule, however, is that any error in the admission of improper evidence may be corrected by withdrawing the evidence and instructing the jury to disregard it. *See Rojas v. State*, 986 S.W.2d 241, 250–51 (Tex. Crim. App. 1998).

When a trial court strikes evidence and instructs the jury to disregard it, in the absence of evidence indicating that the members of the jury failed to do so, the jury is presumed to have followed the trial court's instruction. *See Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1070 (2000); *State v. Boyd*, 202 S.W.3d 393, 402 (Tex. App.—Dallas 2006, pet. ref'd).

Appellant points to no evidence that the jury failed to follow the trial court's instruction to disregard the prosecutor's question, and our own review of the record finds none. Moreover, Deputy McNeal did not answer the question before Appellant objected, and while the question itself suggested that Appellant continued to operate Pot of Gold in violation of the law, the question was not of such a highly prejudicial character that it was wasteful and futile to continue the trial. *See Simpson*, 119 S.W.3d at 272. We therefore hold that

the trial court did not abuse its discretion by denying Appellant's motion for mistrial, and we overrule his first point.

**Failure to grant mistrial after improper argument.**

In his second point, Appellant argues that the trial court erred by failing to grant a mistrial after the prosecutor began his closing argument with these words:

> Ladies and gentlemen, I want to start out by talking a little bit about this. If you have any problems with the Sheriff not calling the Defendant back or the DA's office not calling the Defendant back, there was a Cease and Desist Order on June 13th of 2003. *And it's the policy of the Sheriff's office and Mr. Curry, they don't normally make contact with defendants*. [Emphasis added.]

Appellant objected to the last sentence as outside the record, and the trial court sustained the objection and instructed the jury to disregard the statement, but it denied Appellant's motion for mistrial.

To be permissible, the State's jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. *Felder v. State*, 848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992), *cert. denied*, 510 U.S. 829 (1993); *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

5

When the trial court sustains an objection to improper argument and instructs the jury to disregard but denies a defendant's motion for a mistrial, the issue is whether the trial court abused its discretion by denying the mistrial. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004); *Faulkner v. State*, 940 S.W.2d 308, 312 (Tex. App.—Fort Worth 1997, pet. ref'd) (en banc op. on reh'g). Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required. *Archie v. State,* 221 S.W.3d 695, 699 (Tex. Crim. App. 2007); *Hawkins*, 135 S.W.3d at 77. We presume the jury complied with an instruction to disregard improper jury argument. *Wesbrook v. State*, 29 S.W.3d 103, 116 (Tex. Crim. App. 2000). When assessing the curative effect of the court's instruction to disregard, the correct inquiry is whether the argument was extreme or manifestly improper, injected new and harmful facts into the case, or violated a mandatory statutory provision and was thus so inflammatory that an instruction to disregard could not cure its prejudicial effect. *Faulkner*, 940 S.W.2d at 312. Only offensive or flagrant error warrants reversal when there has been an instruction to disregard. *Wesbrook*, 29 S.W.3d at 116. If the instruction cured any harm caused by the improper argument, a reviewing court should find that the trial court did not err. *Dinkins v. State*, 894 S.W.2d 330, 357 (Tex. Crim. App.), *cert. denied*, 516 U.S. 832 (1995); *Faulkner*, 940 S.W.2d at 312.

A significant theme in Appellant's defense—including closing arguments delivered immediately before the prosecutor's complained-of remark—was that he and his attorney attempted on several occasions to contact the sheriff's office and the district attorney's office in a effort to determine whether Pot of Gold was operating in compliance with the law. Under the circumstances, we cannot say that the prosecutor's statement that the sheriff and the district attorney do not normally contact defendants was so extreme, offensive, or inflammatory that it caused incurable prejudice and rendered the instruction to disregard ineffective. *See Archie,* 221 S.W.3d at 699; *Wesbrook*, 29 S.W.3d at 116; *Faulkner*, 940 S.W.2d at 312. Nothing in the record overrides the presumption that the jury complied with the instruction to disregard the comment. *See Wesbrook*, 29 S.W.3d at 116. We therefore hold that the trial court did not abuse its discretion by denying Appellant's motion for mistrial, and we overrule his second point.

## Conclusion

Having overruled both of Appellant's points, we affirm the trial court's judgment.

PER CURIAM

PANEL B:    GARDNER, LIVINGSTON, and HOLMAN, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

7

DELIVERED: July 3, 2008